**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GARY LEE LAUTZ,<br><br>Plaintiff,<br><br>v.<br><br>ONE ADVANTAGE, LLC, an Illinois Corporation,<br><br>Defendant. | CIVIL ACTION<br><br>CASE NO. 16-CV-1154<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR RELIEF PURSUANT TO THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

COMES NOW Plaintiff, GARY LEE LAUTZ ("Plaintiff"), by and through his attorneys, the Law Offices of William A. Mueller LLC, complaining of the Defendant, ONE ADVANTAGE, LLC, AN ILLINOIS CORPORATION ("ADVANTAGE"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against ADVANTAGE for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, et seq., for violations of the Bankruptcy Discharge Injunction pursuant to 11 U.S.C. §524, and for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act pursuant to 815 ILCS 505/1 et seq.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 47 U.S.C §227, and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as ADVANTAGE transacts business in the Southern District of Illinois and all of these events or omissions giving rise to these claims occurred within the Southern District of Illinois.

## PARTIES

4. Plaintiff GARY LEE LAUTZ is a natural person who at all times relevant resided in Freeburg, Illinois, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

5. At all times relevant to this action, ADVANTAGE was engaged to collect a debt on behalf of the original creditor, St. Elizabeth's Hospital of Belleville, Illinois. ("Subject Debt")

6. ADVANTAGE qualifies as a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly collects debts and uses the mails and/or the telephones to collect delinquent consumer accounts.

7. ADVANTAGE qualifies as a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because the debt which is the subject of this complaint was in default when it acquired rights in the debt.

8. ADVANTAGE qualifies as a "debt collector" as defined by the FDCPA because the principal purpose of its business is to collect debt and it regularly collects or attempts to collect defaulted debts owed to another party.

9. At all times relevant to this complaint, ADVANTAGE was collecting on a consumer debt as defined by 15 U.S.C. §1692a.

## FACTS SUPPORTING CAUSE OF ACTION

10. On March 13, 2015, Plaintiff, along with his wife, Sharon, filed a joint Chapter 7 petition in the United States Bankruptcy Court, Southern District of Illinois, case number 15-30378-lkg,

invoking the protections of the automatic stay pursuant to 11 U.S.C. §362. *See* Exhibit 1, a true and correct copy of the Notice of Bankruptcy.

11. Plaintiff listed St. Elizabeth's Hospital ("Original Creditor") as a creditor for a debt ("subject debt") on his bankruptcy Schedule F. *See* Exhibit 2, a true and accurate copy of Schedule F filed with Plaintiff's Bankruptcy Petition.

12. Since Plaintiff listed the Original Creditor in his bankruptcy schedules, the Bankruptcy Noticing Center ("BNC) sent the Original Creditor notice of the bankruptcy filing. *See* Exhibit 3, a true and correct copy of the Certificate of Notice executed by the BNC establishing service of the notice of bankruptcy filing upon St. Elizabeth's Hospital.

13. Plaintiff's 341(a) meeting of creditors was held on April 24, 2015.

14. No representative of the Original Creditor attended the meeting of creditors.

15. On June 29, 2015, the debtor received an Order of Discharge of all debts included in his bankruptcy petition pursuant to 11 U.S.C. § 727, including the "subject debt." *See* Exhibit 4, a true and correct copy of the Order of Discharge entered by the United States Bankruptcy Court for the Southern District of Illinois and the BNC Notice of Discharge served upon St. Elizabeth's Hospital.

16. This discharge order effectuated a discharge of the debt to the Original Creditor, providing as follows:

> The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise . . . to collect a discharged debt from the debtor. *Id.* at pg. 2.

17. Pursuant to 22 U.S.C. § 524, the Order of Discharge invoked the protections of the discharge injunction, prohibiting any acts to collect upon the subject debtor by St. Elizabeth's Hospital, ADVANTAGE, or any other party.

## ADVANTAGE'S UNLAWFUL POST-DISCHARGE COMMUNICATION

18. On October 20, 2015, with actual knowledge of Plaintiff's Bankruptcy discharge, ADVANTAGE attempted to collect the subject debt from Plaintiff personally by sending a payment demand ("dunning letter") directly to the Plaintiff at his home address in Freeburg, Illinois. *See* Exhibit 5, a true and correct copy of the dunning letter sent to the Plaintiff, which reflected that ADVANTAGE's client was St. Elizabeth Hospital Belleville. *Id*.

19. The dunning letter sent by ADVANTAGE sought to collect the subject debt and demanded payment in the amount of $510.00. The dunning letter included a detachable payment coupon instructing Plaintiff to return to ADVANTAGE with payment in the amount of $510.00 by December 17, 2015, and included a threat saying that if such payment was timely submitted, "this account will not be reported." *Id.*

20. The October 15, 2015, dunning letter sent by ADVANTAGE to Plaintiff further stated, "THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."

21. ADVANTAGE'S collection efforts occurred with actual knowledge of Plaintiff's bankruptcy filing and subsequent discharge.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and re-alleges paragraphs 1 through 21 as though fully set forth herein.

23. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed to another for personal, family or household purposes.

24. ADVANTAGE is a "debt collector" because it acquired rights to the subject loan after it was in default. 15 U.S.C. § 1692a(6).

25. ADVANTAGE violated 15 U.S.C. §§ 1692e(2), 1692e(5), 1692e(10), and 1692f through its debt collection efforts of the "subject debt" which is a consumer debt.

26. ADVANTAGE violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of the alleged debt as the subject debt was not owed by virtue of the Order of Discharge entered in his bankruptcy case.

27. ADVANTAGE violated 15 U.S.C. §1692e(5) when it threatened to report Plaintiff to the credit bureaus for nonpayment of the subject debt.

28. ADVANTAGE violated 15 U.S.C. §1692e(10) by falsely representing that the subject debt was collectible when it sent the bill to Plaintiff.

29. ADVANTAGE violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt by sending the dunning letter attempting to collect the subject debt which was discharged in Plaintiff's bankruptcy and not owed.

30. Section 524(a)(2)-(3) of the Bankruptcy Code, commonly known as the "discharge injunction," prohibits "an act, to collect, recover, or offset any such debt as a personal liability of the debtor," and "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor." 11 U.S.C. §§524(a)(2)-(3).

31. ADVANTAGE attempted to coerce Plaintiff into paying a debt that was not legally collectible because Plaintiff was protected by the Order of Discharge.

32. As an experienced debt collector, ADVANTAGE knew or should have known not to send bills to a debtor that is protected by the Order of Discharge.

33. ADVANTAGE knew or should have known that Plaintiff's pre-petition debt was uncollectable because of the Order of Discharge.

34. ADVANTAGE appears to have no system in place to identify and cease the collection of debts included in or discharged in bankruptcy.

35. ADVANTAGE'S failure to scan their database to prevent the unlawful collection of the subject debt was willful.

36. Plaintiff suffered from ADVANTAGE'S unlawful collection activities.

37. Plaintiff suffered from emotional distress due to ADVANTAGE'S unlawful attempts to collect the discharged debt, as he was led, by ADVANTAGE'S collection activities, to believe his bankruptcy had no effect. The dunning letter was highly confusing to Plaintiff.

38. Plaintiff was unduly inconvenienced and harassed by ADVANTAGE'S unlawful attempts to collect the discharged subject debt.

39. Concerned about the violations of his rights and protections that were expected by his bankruptcy discharge, Plaintiff sought the assistance of counsel to ensure that ADVANTAGE'S collection efforts ceased.

40. Plaintiff has expended time consulting with his attorneys and has incurred attorney's fees as a result of ADVANTAGE'S deceptive collection actions.

WHEREFORE, Plaintiff GARY LEE LAUTZ respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes;

b. awarding Plaintiff statutory damages for the underlying FDCPA violations;

c. ordering the deletion of adverse credit reporting, if any, related to the debt;

d. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II**
**VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

41. Plaintiff repeats and re-alleges paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1(c).

43. ADVANTAGE is engaged in "commerce" as defined in ICFA, 815 ILCS 505/1(f).

44. ADVANTAGE violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect from Plaintiffs a debt protected by the Discharge Injunction afforded by the Bankruptcy Code, 11 U.S.C. §524.

The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

45. ADVANTAGE'S collection attempt represents the use of deception, fraud, and false pretense in an attempt to collect a debt because it was not collectable at the time the dunning letter was sent to Plaintiff.

46. ADVANTAGE'S dunning letter was sent with knowledge of the discharge injunction. It was unfair to Plaintiff because the subject debt was not collectible as a matter of law.

47. ADVANTAGE'S failure to abide by the discharge injunction constitutes deception and unfairness in regards to its collection attempts upon Plaintiff.

48. ADVANTAGE'S confusing and deceptive dunning letter sent to Plaintiff demonstrates that ADVANTAGE regularly engages in such practices designed to mislead debtors.

49. ICFA was designed to protect consumers from the unfair and deceptive acts committed by ADVANTAGE.

50. ADVANTAGE'S misrepresentations are unlawful, contradicting the intent of ICFA.

51. ADVANTAGE intended for Plaintiff to rely on its misrepresentations by sending the dunning letter to induce payment on an uncollectable debt.

52. It was unfair for ADVANTAGE to mislead Plaintiff into believing the subject debt was still owed, when it was not.

53. It was unfair for ADVANTAGE to seek to collect the subject debt from Plaintiff through its misleading dunning letter.

54. It was unfair for ADVANTAGE to attempt to induce Plaintiff into making payments on an uncollectable debt by sending the dunning letter to Plaintiff.

55. ADVANTAGE intended that Plaintiff rely on its misrepresentation and Plaintiff did in fact rely on ADVANTAGE'S misrepresentation as he was led to believe his bankruptcy had no legal effect and that he still owed the subject debt to ADVANTAGE.

56. ADVANTAGE'S demand was unfair and deceptive because it was systematically calculated to mislead Plaintiff into believing the subject debt was still owed, when in fact the subject debt was discharged in Plaintiff's bankruptcy.

57. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a

58. Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a for the following reasons:

a. Plaintiff has suffered damages in the form of emotional distress and time spent consulting with his attorneys as a result of ADVANTAGE'S unlawful collection practice.

b. An award of punitive damages is appropriate because ADVANTAGE'S conduct was outrageous, willful and wanton, showed reckless disregard for the Plaintiff's rights, and Plaintiff had no choice but to submit to the dunning letter.

WHEREFORE, Plaintiff GARY LEE LAUTZ respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Ordering the deletion of adverse credit reporting, if any, related to the debt;

d. Awarding Plaintiff's costs and reasonable attorney fees pursuant to 815 ILCS 505/10a(c);

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 19, 2016

Respectfully Submitted,

/s/ Ronald A. Buch, Esq.
Ronald A. Buch, Esq. ARDC #: 6209955
Attorney for Plaintiff
Law Offices of William A. Mueller, LLC
5312 West Main Street
Belleville, IL 62226
Phone: (618) 236-7000
Fax: (618) 236-7002